
JS 44 (2/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Lewis

### DEFENDANTS
City of Philadelphia, Police Officers Hagen, 2232, Crocoran, 3127, Sanchez, 3039, Heng, 5361, Welcome, 4981, McCorey, 3002, John Does 1 through 10

(b) County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Chotiner Firm, 1818 Market St., Ste. 3620, Philadelphia, PA 19103
215.564.6544

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983 and 1988, and the Fourth, Sixth, and 14th Amenments

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 5/5/10
SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| John Lewis | : | CIVIL ACTION |
| v. | : | |
| The City of Philadelphia et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

5/5/10                          L. Kenneth Chotiner
Date                            Attorney-at-law                    Attorney for
                                                                    Plaintiff

Telephone              FAX Number              E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT         APPENDIX A

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1630 S. Taney Street, Philadelphia, PA

Address of Defendant: 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, L. Kenneth Chotiner, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/5/10     _[signature]_ Attorney-at-Law     77451 Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/5/10     _[signature]_ Attorney-at-Law     77451 Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LEWIS <br>                               Plaintiff <br><br>Vs. <br><br>THE CITY OF PHILADELPHIA, POLICE OFFICER, SHAWN HAGAN, BADGE NUMBER 2232, POLICE OFFICER KEVIN CORCORAN, BADGE NUMBER 3127, POLICE OFFICER SANCHEZ, BADGE NUMBER 3039, POLICE OFFICER HENG, BADGE NUMBER 5361, POLICE OFFICER WELCOME, BADGE NUMBER 4981, POLICE OFFICER MCCOREY, BADGE 3002, AND POLICE OFFICERS JOHN DOE NUMBERS 1 THROUGH TEN, BADGE NUMBERS UNKOWN <br><br>                            Defendants | CIVIL ACTION <br><br> No.: 10-CV- <br><br> JURY TRIAL DEMANDED |

COMPLAINT

I.     JURISDICTION

        1.     This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

II.     PARTIES

        2.     Plaintiff, John Lewis, is a resident and citizen of the Commonwealth of Pennsylvania, 1630 S. Taney Street, Philadelphia, Pennsylvania.

        3.     Defendant, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of all of the Police Officer Defendants in this action.

4. Defendant, Police Officer Shawn Hagen, Badge No.: 2232 ("Officer Hagan"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

5. Defendant, Police Officer Kevin Corcoran, Badge No.: 3127 ("Officer Corcran"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendant, Police Officer Sanchez, Badge No.: 3309 ("Officer Sanchez"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

7. Defendant, Police Officer Heng, Badge No.: 5361 ( "Officer Heng"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. She is being sued in both her individual and official capacities.

8. Defendant, Police Officer Welcome, Badge No.: 4981 ("Officer Welcome"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

9. Defendant, Police Officer McCorey, Badge No.: 3002 ("Officer McCorey"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

10. Defendants, John Doe, Number One through Ten, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint, Police Officers for the City of Philadelphia and acted under the color of state law and acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. They are being sued in both their individual and official capacities.

11. At all times material and relevant to this complaint, Defendant, City of Philadelphia, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

12. At all times referred to herein, Defendants, acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and the Police Department of the City of Philadelphia, and pursuant to their authority as police officers of the City of Philadelphia and its police department.

III.   FACTS

13.   On or about November 5, 2008, Plaintiff, John Lewis, was at his home located at 1630 S. Taney Street.

14.   At around 10:00 p.m., members of the Philadelphia Police Department, including but not limited to the above named defendants, entered the home Plaintiff, John Lewis, was in.

15.   Neither the Plaintiff, John Lewis, nor anyone inside the house, gave police officers, including defendants, permission to enter the house.

16.   The Police Officers, including defendants, opened the door to the house and went inside.

17.   There is no search or arrest warrant that permitted the Police Officers, including defendants, to enter the house located at 1630 S. Taney Street.

18.   Defendants, Officer Hagan and Officer Corcoran, were the second team in the house.

19.   Plaintiff, John Lewis, was sitting on the couch, when Defendants, Officer Hagan and Officer Corcoran, came inside.

20.   Defendants, Officer Hagan and Officer Corcoran, went over to the couch where Plaintiff, John Lewis, was sitting and ordered him to stand up.

21.   Plaintiff, John Lewis, complied with the Defendant Officers' command but Defendant, Officer Hagan, pushed him back to the couch.

22.   Defendants, Officer Hagan and Officer Corcoran, again ordered Plaintiff, John Lewis to stand.

23.   Plaintiff, John Lewis, again complied with the Defendant Officers' command but again Defendant, Officer Hagan, pushed him back to the couch.

24.   Defendants, Officer Hagan and Officer Corcoran, ordered Plaintiff, John Lewis to stand for a third time.

25. When Plaintiff complied with this third command and stood up, Defendant, Officer Hagan, slammed plaintiff to the ground and arrested him with the assistance of other officers including the defendants.

26. During the arrest, defendants assaulted Plaintiff, John Lewis.

27. Defendants caused plaintiff numerous injuries including but not limited to L2 and L3 transverse process fracture, right medial orbital wall fracture, and bilateral nasal bone fractures.

28. Plaintiff, John Lewis, was transported to the hospital.

29. The aforesaid assault, battery and unlawful imprisonment, use of excessive force, and the physical and psychological abuse inflicted upon the plaintiff by Defendants, were carried out unlawfully, maliciously and/or intentionally.

30. As a direct and proximate result of the intentional, unlawful, reckless and/or malicious acts described above, all committed by Defendants under color of law, under his/their authority as City of Philadelphia Police Officers, while acting in the course and scope of their employment and pursuant to authority vested in them by City of Philadelphia, Defendants caused plaintiff herein to sustain serious and painful injuries to his body, and to suffer serious mental anguish and economic damages, some or all of which injuries and damages may continue indefinitely into the future.

## FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

31. The allegations set forth in paragraphs one through thirty inclusive, are incorporated herein as if fully set forth.

32. At the time and date aforementioned, Defendants used unnecessary force on plaintiff by dragging him through the open window, striking him, and beating him. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

33. At no time did plaintiff offer or commit any violence against defendants.

34. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of Plaintiff, John Lewis, by defendants, committed under color of law and under each

individual defendant's authority as a police officer of the City of Philadelphia, plaintiff suffered harm and was deprived of his right to secure his person against unreasonable seizure of his person, and the excessive use of force violated his Fourth and Fourteenth Amendment Constitutional rights.

35. As a direct and proximate result of the malicious and outrageous conduct of Defendants, Plaintiff, John Lewis, suffered physical injuries, as well as psychological and emotional injuries, some or all of which may be permanent.

36. The acts of Defendants as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities.

WHEREFORE, Plaintiff, John Lewis, respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
### STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

37. The allegations set forth in paragraphs one through thirty-five inclusive, are incorporated herein as if fully set forth.

38. Defendants assaulted and battered plaintiff as aforesaid.

39. As a direct and proximate result of this assault and batter, plaintiff suffered damages as aforementioned throughout this complaint.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## THIRD CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST THE CITY OF PHILADELPHIA FOR ITS FAILURE TO INVESTIGATE, TRAIN, SUPERVISE, AND/OR DISCIPLINE

40. The allegations set forth in paragraphs one through thirty-nine inclusive, are incorporated herein as if fully set forth.

41. Prior to November 5, 2008, the City of Philadelphia, including but not limited to the City of Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitution rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

42. It was the policy and/or custom of the City of Philadelphia, by and through its Police Department to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by the City of Philadelphia, including the incident involving plaintiff in this matter.

43. It was the policy and/or custom of the City of Philadelphia and its Police Department to inadequately supervise and train its police officers, including the defendant officer(s), thereby failing to adequately discourage further constitutional violations on the part of it police officers. The City of Philadelphia, by and through it Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

44. As a result of the above described policies and customs, police officers of the City of Philadelphia and its Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. The above described policies and customs, police officers of the City of Philadelphia, by and through its Police Department, demonstrated an indifference on the part of policymakers of the City of Philadelphia and its Police Department to the constitutional right of person within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

46. The acts and failures to act of Defendant, City of Philadelphia, by and through its Police Department, committed under color of law. As herein above set forth, deprived plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988, and deprived the plaintiff of rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS

47. The allegations set forth in paragraphs one through forty-six inclusive, are incorporated herein as if fully set forth.

48. The unlawful actions of defendants were intentional and/or reckless, constituting extreme and outrageous conduct which caused plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

49. Plaintiff re-alleges the damages as previously set forth.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## JURY DEMAND

50. Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the relief herein requested.

THE CHOTINER FIRM

Dated: May 5, 2010

LKC3963
L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.564.6544